UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          HON. MARK A. GOLDSMITH

v.          Case No. 12-CR-20287-2

JATIMOTHY WALKER, D-2,

          Defendant.

_____/

**OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

A jury returned a verdict against Defendant Jatimothy Walker on July 22, 2014, finding him guilty of the following crimes: (i) Racketeering (RICO) Conspiracy (Count One); and (ii) Murder of Marion Hardy in Aid of Racketeering (Count Three). The Probation Department prepared a Presentence Investigation Report ("PSIR") for sentencing, to which Jatimothy Walker prepared objections. The Probation Department and the Government responded to Jatimothy Walker's objections, see Gov't Resp. (Dkt. 765),[1] and Jatimothy filed a reply (Dkt. 773). The Court now addresses Jatimothy Walker's unresolved objections.

**A. OBJECTION 1**

Jatimothy Walker first objects to the statement in the identifying data portion of the PSIR that he has zero dependents. Jatimothy Walker argues that he has eight children.

The Court agrees with the Probation Department's decision to state that Jatimothy Walker has zero dependents. According to the Probation Department, they consider a "dependent" to be someone for whom the defendant is providing over 50 percent support. Jatimothy Walker does not challenge the Probation Department's statement that he is not

---

[1] Neither Jatimothy Walker's objections to the PSIR, nor the Probation Department's response, is filed publicly on the docket.

1

currently supporting his eight children. Jatimothy Walker also does not challenge the information in the PSIR that all of his children are living with other individuals, which makes sense given his incarceration. See PSIR, ¶ 56. Nor does he challenge the PSIR's conclusion that he was ordered to pay child support for six of the children, but five of those six cases have been closed and the other is not accruing; according to the PSIR, records reflect that there are no child support arrearages. Furthermore, the PSIR expressly states in Paragraph 56 that Jatimothy Walker has eight children; the objection simply raises the issue of whether they qualify as "dependents." The available evidence demonstrates that they are not his dependents.

Accordingly, the Court overrules this objection.

## B. OBJECTION 2

Jatimothy Walker next objects to the alias of "J-Money" listed in the identifying data section of the PSIR. Jatimothy Walker argues that he has never used this alias.

The PSIR does not indicate the source of this alias, and the Government has no objection to it being stricken. Accordingly, the Court sustains this objection, and orders this alias stricken from the PSIR.

## C. OBJECTION 3

Jatimothy Walker next requests that the following sentence be added to Paragraph 8 of the PSIR: "There was no evidence that Defendant, Jatimothy Walker provided financial assistance or received monies while incarcerated, nor testified or communicated to other members that there are other people in the area and threatened other gang members." The Probation Department responded by removing references to providing financial assistance to incarcerated individuals from Paragraph 8, but declined to remove or include any additional language.

The Court finds that the Probation Department properly refused to include Jatimothy Walker's requested language.  Paragraph 8 of the PSIR is an informational overview paragraph describing the activities of the Howard Boys in general.  This paragraph does not mention whether an individual member engaged in a particular activity; that level of detail is contained in subsequent paragraphs.  Nor does the paragraph purport to attribute all of these activities to every member, or claim that every member did everything recited therein.

Testimony and evidence at trial support the information contained in Paragraph 8, even if Jatimothy Walker did not participate in all of the activities described therein.  Accordingly, the Court overrules this objection.

## D.  OBJECTION 4

In his fourth objection, Jatimothy Walker challenges the statement in Paragraph 10 of the PSIR that, "As a member, he was aware of and/or involved in attempted murders and acts of murder which were committed by himself and/or other members of the Howard Boys and were reasonably foreseeable."  Jatimothy Walker claims there is no evidence to support this statement.

As highlighted by both the Probation Department and the Government, there was sufficient evidence at trial that both Jatimothy Walker and his brother, Jonathan, shot and killed Marion Hardy.  There also was evidence that Sean Cunningham — a member of the Howard Boys — was present, and that he stomped on Hardy after Hardy had been shot. Further, as detailed in the Court's Opinion and Order Denying Defendants' Motions for Judgments of Acquittal (Dkt. 785), and the Court's Memorandum Opinion Granting the Government's Motion for the Admission of Coconspirator Statements (Dkt. 784), the evidence revealed that both Jatimothy and Jonathan Walker were members of the Howard Boys, and that they murdered Hardy in furtherance of their membership.  Therefore, the PSIR is accurate insofar as it states

that, "As a member, he was aware of and/or involved in . . . acts of murder which were committed by himself and/or other members of the Howard Boys and were reasonably foreseeable."

However, although additional murders or attempted murders by members of the group may have been foreseeable to Jatimothy Walker — who described himself on a recording as the "boss" of the Howard Estates — neither the Probation Department nor the Government has pointed to any evidence indicating that Jatimothy Walker actually <u>was</u> <u>aware</u> of these other violent acts. Instead, the Government cites the testimony of Xavier Turner, who stated that violent retaliation for acts of disrespect was expected from members. <u>See</u> Gov't Resp. at 6-7 (citing X. Turner Vol. I at 81-82; X. Turner Vol. II at 20, 38-39).

Accordingly, the Court grants in part and overrules in part Jatimothy Walker's fourth objection. The Court orders Paragraph 10 of the PSIR to be amended as follows: "JATIMOTHY WALKER was a member of the Howard Boys Gang. As a member, Jatimothy Walker was aware of and involved in the murder of Marion Hardy, which was committed by himself and other members of the Howard Boys. Furthermore, additional acts of murder and attempted murders by other members of the Howard Boys were reasonably foreseeable to Jatimothy Walker, as a member of the group."

### E. OBJECTION 5

Jatimothy Walker next objects to the statement in Paragraph 13 of the PSIR that he "then shot Marion Hardy four to five times."

To the extent Jatimothy Walker objects to the inclusion of "four to five times," the Probation Department has removed this language from Paragraph 13 of the PSIR. Therefore, the objection may have been resolved. To the extent Jatimothy Walker objects to the statement that

he "shot Marion Hardy," the evidence at trial — as well as the jury's verdict on Count Three — supports this finding.  See X. Turner Vol. II at 23; M. Brown at 22; R. Dudley Vol. II at 27.

Accordingly, the Court overrules this objection to the extent it has not been resolved already.

### G.  OBJECTION 7[2]

In his seventh objection, Jatimothy Walker objects to the two-level enhancement in Paragraph 21 of the PSIR for having possessed a firearm in connection with drugs.  Jatimothy Walker argues that there is no evidence that he possessed a firearm at the same time he possessed drugs.

The Court agrees with the Probation Department and the Government that — based on the preponderance of the evidence — this enhancement is properly included.  Testimony at trial revealed that Jatimothy Walker made drug sales on the night that he shot and killed Hardy.  See X. Turner Vol. II at 21-22.  Xavier Turner testified that he was hanging out in the Lapeer Road parking lot while Jatimothy and Jonathan Walker were making sales back and forth from the parking lot.  Id. at 20-21.  Turner stated that, while in the parking lot, he saw Marion Hardy walking around the area, and then, when Turner "looked up," Hardy and Jatimothy were arguing — which then led to the shooting.  Id. at 22.  This suggests a short temporal period between Jatimothy's drug sales and the start of the dispute with Hardy.

Moreover, there also was testimony that selling drugs was dangerous and that other members were told by Eddie Williams to carry guns to avoid getting robbed during sales.  See E. Williams Vol. I at 9-10; X. Turner Vol. I at 132.  Further, Xavier Turner testified that he had seen Jatimothy Walker carry a gun between 2002 and 2012.  See X. Turner Vol. I 96-97.  And

---

[2]  Jatimothy Walker's Objections 6 and 9-13 were resolved before the PSIR was provided to the Court.

Jatimothy Walker has pointed to no contrary evidence suggesting that he did not carry a gun, or even that he left the area and/or obtained a gun between his drug sales and the shooting. All of this circumstantial evidence is sufficient to cross the preponderance threshold based on a reasonable inference that, at a minimum, Jatimothy Walker possessed a gun during his drug sales on the night he shot Marion Hardy. See U.S.S.G. § 2D1.1(b)(1).

Accordingly, the Court overrules this objection.

### H.  OBJECTION 8

Finally, Jatimothy Walker disputes the conviction listed in Paragraph 40 of the PSIR. Jatimothy Walker contends that he "was never convicted of Filing a False Police Report in the 68th District and objects to the phrase that he gave his brother's name, Jonathan Walker. Defendant indicates that is untrue."

The Probation Department has provided records from the 68th District Court and Flint Police Department, which show that Jatimothy Walker pled guilty to False Police Report on May 29, 2002, after giving police his brother's name — Jonathan Walker — when stopped by police.

Accordingly, the Court overrules this objection.

SO ORDERED.

Dated:  May 18, 2015  
 Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 18, 2015.

s/Johnetta M. Curry-Williams  
Case Manager

6