UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

    Case No. 12-cr-20287

    Honorable Mark A. Goldsmith

D-2 JATIMOTHY WALKER,

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION TO AMEND/CORRECT JUDGMENT (Dkt. 975)**

On June 1, 2015, this Court sentenced Defendant Jatimothy Walker to life in prison on both Count 1 and Count 3 of the First Amended Superseding Indictment, to run concurrently. 6/5/2015 Judgment (Dkt. 813). Walker, through counsel, now asks this Court to amend its judgment to order that his federal sentences shall run concurrent with his state sentences in Genesee County Circuit Court (Dkt. 975).

Walker argues that Federal Rule of Criminal Procedure 36 allows the Court to correct clerical errors in a judgment and conviction. Def. Mot. at 2. He points out that at sentencing, defense counsel asked that Walker's sentence run concurrent to any state sentence, but the Court did not address this request, either on the record or in the judgment. Id. Walker asks the Court to correct the judgment.

A district court may order that a federal sentence run concurrently to a state sentence. See 18 U.S.C. § 3584(a). However, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Id. Thus, in the

absence of any statement by the Court that Walker's federal sentence was to run concurrently with his state sentence, the sentences are presumed consecutive.

Federal Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. As the Government points out, however, declining to impose a concurrent sentence is not clerical error.[1] The Government cites United States v. Zabawa, 134 F. App'x 60 (6th Cir. 2005), which involved facts very similar to the instant case. There, the judgment was silent as to whether the defendant's federal sentence was to run concurrently with his state sentence. Id. at 67. The defendant requested that the district court amend the judgment to provide that the federal sentence should run concurrently with the state sentence. The Sixth Circuit found that the district court lacked jurisdiction to amend the defendant's sentence under Rule 36. The court explained that "a clerical error must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature. . . . Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing." Id. at 68 (quoting United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004)).

The Court's silence on the issue of whether Walker's federal sentences are to run concurrent with his state sentences is not a clerical error that can be corrected pursuant to Federal

---

[1] Walker cites to an order entered in United States v. Adams, No. 11-20438 (E.D. Mich.), where the court amended its judgment to reflect that the defendant's federal sentence and any undischarged term of imprisonment on his state sentence should run concurrently. However, there the Government had stated that it had no objection to the court informing the BOP that the parties and the Court intended that the defendant's federal sentence would run concurrent to any undischarged term of imprisonment. 4/20/2018 Order at 1-2 (Dkt. 66). The court did not engage in any discussion regarding its jurisdiction to amend the judgment.

Rule 36. Accordingly, Walker's motion to amend judgment by correcting clerical error (Dkt. 975) is denied.

SO ORDERED.

Dated: July 19, 2019
    Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge