UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JATIMOTHY E. WALKER,

        Defendant.

_____/

Case No. 12-cr-20287

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) DENYING DEFENDANT'S MOTION TO SUPPLEMENT (Dkt. 1153),**
**(2) DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**
**UNDER RULE 59(e) (Dkt. 1154), AND (3) TRANSFERRING DEFENDANT'S**
**MOTION TO VACATE UNDER RULE 60(b) (Dkt. 1180) TO THE UNITED**
**STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

The Court has reviewed three motions filed by Defendant Jatimothy Walker. The first

motion asks the Court to allow Walker to supplement his reply in support of his motion to vacate

sentence under 28 U.S.C. § 2255. See Mot. to Supplement (Dkt. 1153). The second is a motion

to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e). See Mot. to Alter

or Amend (Dkt. 1154). The third is a motion to vacate under Rule 60(b). See Mot. to Vacate

Under Rule 60(b) (Dkt. 1180). For the following reasons, the Court (i) denies Walker's motion to

supplement, (ii) denies Walker's motion to alter or amend judgment under Rule 59(e), and (iii)

transfers Walker's motion to vacate under Rule 60(b) to the United States Court of Appeals for the

Sixth Circuit.[1]

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided
based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to
the motion, the briefing includes the Government's response to Walker's motion to alter or amend

## I.      BACKGROUND

The Government charged Walker with (i) conspiracy under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(d); and (ii) murder in aid of racketeering under the Violent Crimes in Aid of Racketeering (VICAR) Act, 18 U.S.C. § 1959(a)(1), following Walker's involvement in a shooting.  See Am. Superseding Indictment (Dkt. 191).  A jury returned guilty verdicts against Walker for both RICO conspiracy and murder in aid of racketeering. Verdict Form (Dkt. 712).  The Court sentenced Walker to life imprisonment on both counts. Judgment (Dkt. 813).  Walker appealed, and the Sixth Circuit affirmed Walker's conviction and sentence.  United States v. Gills, 702 F. App'x 367, 385 (6th Cir. 2017), as amended (Nov. 6, 2017).  The Supreme Court denied Walker's petition for a writ of certiorari (Dkt. 943).

## II.     ANALYSIS

The Court begins by addressing Walker's motion to supplement and Rule 59(e) motion together, as they are related.  The Court then discusses Walker's Rule 60(b) motion.

The procedural history leading to Walker's motion to supplement and Rule 59(e) motion is complicated.  Walker filed a motion to vacate his sentence under § 2255 on January 2, 2019. See Mot. to Vacate Under 2255 (Dkt. 957).  After Walker filed his § 2255 motion, the Government responded (Dkt. 970) and Walker replied (Dkt. 977).  The Government's response cited "Exhibit 1" but did not attach any exhibits.  See Resp. to Mot. to Vacate Under 2255 at 10, 14.  After Walker had already filed his reply, the Court ordered the Government to file any exhibits to its response. See 1/24/22 Order (Dkt. 1139).  The Government then filed its "Exhibit 1," which contained an affidavit of Jerome Sabbota, Walker's trial attorney.  See Sabbota Aff. (Dkt. 1140).  Walker did

---

judgment (Dkt. 1157) and Walker's reply (Dkt. 1166) and the Government's response to Walker's Rule 60(b) motion (Dkt. 1188) and Walker's reply (Dkt. 1189).

not receive a copy of the exhibit until February 8, 2022. See Mot. to Supplement at 2. One week later, Walker placed a motion to supplement his reply in the prison mail system, hoping to contradict the Sabbota affidavit with own exhibits. Id. Walker's proposed exhibits include copies of letters he received from Sabbota, his own affidavit, and an affidavit of his brother, co-Defendant Jonathan Walker. Before Walker's motion to supplement was received by the Court, the Court issued its opinion and order denying Walker's § 2255 motion. 2/16/22 Op. & Order (Dkt. 1150).

Walker's Rule 59(e) motion asks the Court to amend its judgment denying his § 2255 motion with respect to claims three and six. Mot. to Alter or Amend at 3–8. Rule 59(e) allows a party to file a motion to amend or alter a judgment, so long as the motion is filed within twenty-eight days after the entry of the judgment. See Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). As to claim three, Walker argues that the Court should alter or amend its judgment "in light of [his supplemental exhibits], as well as a clear error of fact." Mot. to Alter or Amend at 3.

The Court acknowledges that Walker did not have an opportunity to refute the Government's exhibit before the Court ruled on his § 2255 motion. But, as explained below, the Court's ruling would not have been different even if it had considered Walker's supplemental exhibits. For this reason, Walker's motion to supplement is denied as moot.

With respect to claim three, Walker argued that he rejected the Government's plea offer due to ineffective advice from his trial counsel. Mot. to Vacate Under 2255 at PageID.12509–12514. Where a defendant alleges that ineffective assistance of counsel led him or her to reject a plea offer, that "defendant must show that but for the ineffective advice of counsel there is a

3

reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances) . . . ." Lafler v. Cooper, 566 U.S. 156, 164, (2012).  Even considering Walker's supplemental exhibits, he does not meet this standard.

In his § 2255 motion, Walker argued that he rejected the Government's plea offer because his counsel erroneously advised Walker that he could not be convicted of the RICO conspiracy charge because (i) Walker was incarcerated when the conspiracy took place, and (ii) there was no evidence that Walker participated in the RICO conspiracy before his incarceration.  Mot. to Vacate Under 2255 at PageID.12509.  The Court rejected this argument, finding that "[o]n its face, Walker's claim is not credible, and it contradicts the sworn testimony of his trial counsel." 2/16/22 Op. & Order at 10.  The Court offered numerous explanations for this finding.  See id.

For one, the Court cited the portion of the Sabbota affidavit where he swore that "in his over 40 years of practice, he has never advised a client that they could not be convicted by evidence presented to the jury."  Id. at 10 (citing Sabbota Aff. at 2).  The Court also cited extensive trial testimony showing that Sabbota never adopted the position Walker claims, including various instances where Sabbota argued that distinct pieces of evidence should not be admitted against Walker as co-conspirator statements because they were made while he was incarcerated.  Id. at 10–11.  The Court also explained that "the indictment alleged various overt acts that Walker committed in furtherance of the conspiracy prior to his incarceration."  Id. at 10.  And finally, the Court noted that "[g]iven Walker's lack of interest in accepting a plea even for the VICAR charge, Walker has failed to show a reasonable possibility that he would have accepted the RICO conspiracy plea."  Id. at 12.

4

Walker's supplemental exhibits do not contradict the Court's reasoning.  Id.  To the contrary, Sabbota's letters show that he contacted Walker multiples times to inform him of the Government's plea offer, but Walker did not respond.  See, e.g., 11/12/13 Letter (Dkt. 1153) ("Once you receive the items I have sent you, you will see that there is a plea offer from the Government. I cannot reject that, that is something you are going to have to review."); 12/5/13 Letter (Dkt. 1153) ("I have not heard from you in quite some time, though I have sent you correspondences . . . . I am also assuming that the Government's proposal is not something you wish to discuss . . . . However, I would appreciate you telling be (sic) affirmatively that it is something that you do not desire.").

Walker's supplemental affidavit also states that he did not accept the plea because he knew his brother would reject it, and the Government's offer was conditional on his brother's acceptance.  See Jatimothy Walker Aff. (Dkt. 1153).  He contends that the Government and Sabbota were "using" him "as a tool to convience (sic) [his] brother to waive his constitutional right to stand trial."  Id.  It is true that Sabbota's letters show that Walker's plea offer was conditional on his brother Jonathan Walker also accepting the plea.  See, e.g., 10/29/13 Letter (Dkt. 1153) ("[T]hink about the proposal and in order for it to be viable, both your brother and you must accept this agreement."); 12/5/13 Letter ("Again, that offer was contingent on you and your brother accepting this proposal. I believe your brother has rejected it. I am assuming you have also unless I hear otherwise from you.").  But the fact that the Government offered Walker a plea deal contingent on his brother's acceptance was not due to any ineffective assistance of counsel by Sabbota.

In claim six of his § 2255 motion, Walker argued that Sabbota was ineffective when he failed to object to a sentencing error.  Mot. to Vacate Under 2255 at 38–42.  Walker argued that

the Court improperly enhanced the base level offense for his RICO conviction from a maximum

of between 20 years and 360 months to life imprisonment based on Walker's conviction for

manslaughter in state court. Id. at 38. Walker's manslaughter conviction derived from the same

killing that the Government alleged was an overt act in connection with the RICO charge. Id.

Walker argued Sabbota's failure to object to this enhancement constituted ineffective assistance

of counsel. Id. at 38–42.

The Court rejected this argument, agreeing with the Government's assessment that

Walker's guidelines were set by the mandatory life sentence his VICAR murder conviction

required, not the sentencing guidelines. See 2/16/22 Op. & Order at 17–19. For this reason,

Sabbota's failure to object to the sentencing enhancement could not have prejudiced Walker. Id.

Walker now argues that the Court should alter or amend its judgment in light of United States v.

Jackson, No. 16-20460-7, 2021 WL 2217509 (E.D. Mich. June 2, 2021). See Mot. to Alter or

Amend at 8. But the defendant in Jackson was not convicted of VICAR murder, so its holding

does not change the fact that no objection would have saved Walker from the guideline range of a

life sentence.[2]

Finally, Walker's motion under Federal Rule of Civil Procedure 60(b) is properly viewed

as a successive motion under 28 U.S.C. § 2255.[3]  Walker's Rule 60(b) motion attacks his

---

[2] Walker also contends that the Court failed to give weight to an argument he made in a separate motion. See Mot. to Alter or Amend at 9–10. The argument to which Walker refers is outlined in his motion to amend ground six (Dkt. 1053). In that motion, Walker argues that he was in fact prejudiced by Sabbota's failure to object to the sentencing enhancement because, had § 2E1.1 app. n.4 been applied to his § 1962(d) conviction, the mandatory life sentence required by his VICAR conviction would not have set his guidelines. This argument fails, however, because the Court held that Walker's VICAR conviction mandated his life sentence.

[3] Walker titled his motion a "motion to vacate under Rule 60(b)," see Mot. to Vacate Under Rule 60(b), but the motion was initially identified on the docket as a motion to vacate under 28 U.S.C. § 2255. Walker moved for the Court to correct this "clerical error." See Mot. to Correct the Record (Dkt. 1186). The Court granted Walker's motion and directed the Clerk of Court to correct

conviction, as it argues that there was gross misconduct at his grand jury proceedings.[4] See Mot. to Vacate Under Rule 60(b) at 2 ("Mr. Vance committed gross misconduct when he charged Walker with the killing of Mr. Hardy, under 18 U.S.C. § 1959(a)(1) VICAR statute, without explaining to the grand jury that he (Mr. Vance) was doing so, even though the grand jury was fully informed and expressed its understanding that the killing of Mr. Hardy was only being presented on the final indictment as an overt act against Walker."). Because Walker's motion raises a ground that could have been asserted in his first § 2255 motion, it is a successive motion. See In re Suber, No. 18-3457, 2018 WL 4517057, at *1 (6th Cir. Sept. 4, 2018).

This requires transfer to the Sixth Circuit. "[F]ederal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request." In re Sims, 111 F.3d 45, 46 (6th Cir. 1997). "[W]hen a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the court of appeals], the district court shall transfer the document to [the court of appeals]." Id. at 47.

### III. CONCLUSION

For the foregoing reasons, Court (i) denies Walker's motion to supplement (Dkt. 1153), (ii) denies Walker's motion to alter or amend judgment under Rule 59(e) (Dkt. 1154), and (iii)

---

the entry on the docket to identify the motion as one brought under Rule 60(b). See 11/21/22 Order (Dkt. 1187). This order was not meant to imply that the Court substantively construed Walker's motion as one under Rule 60(b) rather than § 2255. The order was only intended to correct the docket to reflect the rule under which Walker purported to bring his motion.

[4] Walker also contends that "Mr. Vance committed fraud upon the Court" "when he argued during the habeas proceeding that any error that may have occurred to Walker's RICO conspiracy sentence is harmless." Mot. to Vacate Under Rule 60(b) at 6. Although it is unclear, the Court assumes Walker is referring to the Government's response to his § 2255 motion, which does not amount to fraud.

transfers Walker's motion to vacate under Rule 60(b) (Dkt. 1180) to the United States Court of

Appeals for the Sixth Circuit.

       SO ORDERED.

Dated:  October 29, 2024                      s/Mark A. Goldsmith
        Detroit, Michigan                  MARK A. GOLDSMITH
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2024.

                                  s/Carolyn Ciesla
                                  Case Manager